Charles Kascle v. Commissioner.
Kascle v. Commissioner
Docket No. 3582-64.
United States Tax Court
T.C. Memo 1967-245; 1967 Tax Ct. Memo LEXIS 15; 26 T.C.M. (CCH) 1281; T.C.M. (RIA) 67245; December 8, 1967
*15 Charles Kascle, pro se, 281 Jerome St., Brooklyn, N. Y. Jay S. Hamelburg, for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined a deficiency in petitioner's 1956 income tax in the amount of $3,036.51 plus a 50 percent addition thereto for fraud pursuant to section 6653(b) of the 1954 Code. In his Answer to the petition filed herein the Commissioner made affirmative allegations to support his position in respect of the addition for fraud. These allegations were undenied, and, pursuant to motion under Rule 18 of this Court's Rules of Practice, an order was entered to the effect that the foregoing undenied allegations are deemed admitted. At the hearing of this case, petitioner attempted to make an explanation of the situation, but we found it confusing and unpersuasive. It also appears that he had been indicted for willfully attempting to evade individual income taxes and willfully attempting to make and subscribe to false partnership returns in respect of the years 1957-1960, and pleaded guilty to willful attempt to evade individual income taxes in respect of the year 1957. The theory of the Government's criminal *16 case was based upon the identical pattern of underreporting that was involved for 1956. Upon the basis of the undenied allegations in the Answer herein, as supplemented by the evidence adduced at the hearing, we find as a fact that a partnership (in which petitioner was a 50 percent partner) had a net profit of $30,858.47 in 1956, that petitioner with intent to evade tax, willfully failed to file a partnership return for 1956, that in his own return for 1956 petitioner fraudulently reported a business net profit of only $2,780, that he fraudulently failed to report taxable income for 1956 in his own return in the amount of $10,887.23, and that all or part of the underpayment for 1956 was due to fraud with intent to evade tax. Decision will be entered for the respondent.